UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. HUNTIMER,<br><br>      Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, a/k/a Warden Young, Warden, in his individual capacity; LT. CHARLES HERMANN, OIC #1086126, in his individual and official capacity; CARRIE SCHAEFFER, Corrections Officer, in her individual and official capacity; RIANNA BILLS, C.O., in her individual and official capacity; LT. JAKE ROWER, C.O., in his individual and official capacity; SGT. AMBER STEVENS, C.O., in her individual and official capacity; BLAISLEY ELLIOT, C.O., in her individual and official capacity; JUSTIN BARRET, C.O., in his individual and official capacity; JAKE HALEY, C.O., in his individual and official capacity; JUAN GREEN, C.O., in his individual and official capacity; MORGAN DEPPY, C.O., in his individual and official capacity; RACHEL SCHULTS, a/k/a Nurse Rachel, in her individual and official capacity; CIERRA HARKEMA, a/k/a Nurse Sierra, in her individual and official capacity; LANCE SIDELL, in his individual and official capacity; TERESA BITTINGER, in her official capacity,<br><br>      Defendants. | 4:23-CV-04005-KES<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DIRECTING ASSISTANCE WITH SERVICE |

Plaintiff, Timothy J. Huntimer, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Huntimer moved for leave to amend his complaint, which this court granted. Dockets 9, 10. This court granted Huntimer leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 12. After Huntimer timely paid his initial filing fee, this court screened Huntimer's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Docket 16. Defendants Young, Rower, Barrett, Haley, Green, Deppy, Harkema, and Bittinger have been served and request an extension of time to answer or otherwise respond to the amended complaint. Docket 29. Defendants Hermann, Schaeffer, Bills, Stevens, Elliot, Schults, and Sidell have not been served. *See* Dockets 22, 27. The served defendants request that their time for responding to the amended complaint be stayed until twenty-one days after the last defendant is served. Docket 29 at 3. Huntimer seeks leave to file a second amended complaint to identify one of the defendants, Brad Sidell, by his correct name, Lance Sidell. Docket 25.

I. **Defendants' Motion for Extension of Time to Answer**

The served defendants request that their time for responding to the amended complaint be stayed until twenty-one days after the last defendant is served "[t]o avoid serving and filing duplicitous and redundant answers[.]" Docket 29 at 3. These defendants contend that granting their request "will serve the ends of judicial economy by eliminating redundant filings and

preventing a cluttered record." *Id.* These defendants further contend that granting their motion will not prejudice Huntimer. *Id.*

In support of their motion, the served defendants note that the summonses for defendants Hermann, Schaeffer, Bills, Stevens, Elliot, and Schults were returned unexecuted, but the motion does not state why the summonses were returned unexecuted. *Id.* These summonses for defendants Hermann, Bills, Stevens, Elliot, and Schults were returned unexecuted because these individuals no longer work at the SDSP. Docket 27. The summons for defendant Carrie Schaeffer was returned unexecuted because there is no one employed at the SDSP named Carrie Schaeffer. *Id.* at 9. Because some of the unserved defendants are no longer employed at the SDSP and because Huntimer has asserted claims for injunctive relief against the served defendants that survived screening, there is not good cause for granting the served defendants an indefinite extension of time to answer and staying their time for responding to the amended complaint until twenty-one days after the last defendant is served. There is good cause, however, for granting the served defendants a reasonable extension of time to answer or otherwise respond to the amended complaint. Defendants' motion for an extension of time to respond to the amended complaint (Docket 29) is granted in part and denied in part. Defendants Young, Rower, Barrett, Haley, Green, Deppy, Harkema, and Bittinger must answer or otherwise respond to the amended complaint on or before **October 6, 2023**.

## II.     Huntimer's Motion to Amend

Huntimer's amended complaint names as a defendant Brad Sidell, in his individual and official capacity. Docket 15 ¶ 17. In the 1915A screening, the court ordered Huntimer to complete and send to the Clerk of Court a summons and USM-285 form for defendant Sidell. Docket 16 ¶ 10. Huntimer completed and sent to the Clerk of Court a summons and USM-285 form for Lance Sidell, which was not issued because the amended complaint identifies the defendant as Brad Sidell. Docket 23. Huntimer now seeks leave to amend his complaint to correctly identify the defendant as Lance Sidell. Docket 25.

Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party may amend a pleading once as a matter of course twenty-one days after serving it. Huntimer has already amended his complaint once as a matter of course. Dockets 9, 10. Thus, Federal Rule of Civil Procedure 15(a)(2) requires that Huntimer obtain leave of court to file a second amended complaint. Leave to amend "should be freely given in order to promote justice." *Plymouth Cnty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (citation omitted). Denial of a motion to amend "is appropriate in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation omitted). Here, none of these circumstances exist. None of the defendants have responded to Huntimer's amended complaint, and the proposed changes are not substantive. Granting Huntimer

leave to amend his complaint a second time is in the interests of justice. Huntimer's motion to amend (Docket 25) is granted, and the caption is amended to substitute Lance Sidell, in his individual and official capacity, as a defendant in place of Brad Sidell, in his individual and official capacity. Similarly, paragraph 17 of the amended complaint (Docket 15) is amended to substitute Lance Sidell as a defendant in place of Brad Sidell.

### III.  Order Directing Assistance with Service

The South Dakota Department of Corrections has policies and rules that prohibit inmates from seeking personal information about non-inmates, including addresses or other contact information for current and former employees who are named as defendants by an inmate in a lawsuit arising out of the employees' employment. In some cases, courts in the District of South Dakota have entered orders to assist pro se inmates to perfect service on defendants who remained after the court's 1915A screening when the plaintiff is unable to complete service because the inmate does not have the ability to gather personal information about SDSP current and former employees. *See Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, *13, 2023 U.S. Dist. LEXIS 56481, at *44–45 (D.S.D. Mar. 29, 2023); *Hughbanks v. Fluke*, 4:21-CV-04167-KES, 2023 WL 1930334, at *1–2, 2023 U.S. Dist. LEXIS 24325, at *7–11 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 4:22-CV-04010-KES, 2023 WL 112695, at *7, 2023 U.S. Dist. LEXIS 3380, at *19 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4)). The court finds that an order directing assistance with service in this case would assist "to

5

secure the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Defendants' motion for extension of time indicates that counsel for the served defendants is also going to represent the remaining defendants when they are served. *See* Docket 29. Thus, the court orders counsel who has appeared on behalf of the served defendants to provide by **September 20, 2023**, the last known addresses for defendants Hermann, Bills, Stevens, Elliot, and Schults to the USMS for service. The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to Huntimer. *See, e.g., Allen v. Siddiqui*, 2008 WL 2217363, at *2, 2008 U.S. Dist. LEXIS 41923, at *4-5 (W.D. Ky. May 27, 2008) (recognizing that when the USMS is directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); *Skinner v. Beemer*, 2007 WL 2982419, at *1, 2007 U.S. Dist. LEXIS 75531, at *2 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself."); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety).

The summons for defendant Carrie Schaeffer was returned unexecuted because there is no one employed at the SDSP with the name Huntimer provided in the summons. Docket 27 at 9. If the summons misspells this

6

individual's name or the individual's name has changed for some reason such as a change in marital status but counsel for the served defendants or SDSP personnel are aware of or can reasonably ascertain the actual name of the individual identified in paragraphs 6, 31, and 64 of Huntimer's amended complaint (Docket 15), counsel for the served defendants must provide this individual's actual name to the Clerk of Court and to the plaintiff by **September 13, 2023**. Counsel for the served defendants must also inform the Clerk of Court and the plaintiff whether this individual is employed at the SDSP. If this individual is employed at the SDSP, the Clerk of Court shall send a blank summons form and USM-285 form to Huntimer so that he may complete the forms and cause the amended complaint to be served upon this defendant. If this defendant is no longer employed at the SDSP, counsel for served defendants must provide the last known address for this defendant to the USMS for service by **September 20, 2023**, and the Clerk of Court is directed to redact these defendant's address from the return of service before it is filed and to provide a redacted copy to Huntimer. If counsel for the served defendants and SDSP cannot identify this defendant, using reasonable means and exercising due diligence, counsel for the served defendants must notify the Clerk of Court and Huntimer by **September 20, 2023**.

    Thus, it is ORDERED:

1. That defendants' motion for an extension of time to respond to the amended complaint (Docket 29) is granted in part and denied in part. Defendants Young, Rower, Barrett, Haley, Green, Deppy, Harkema,

and Bittinger must answer or otherwise respond to the amended complaint on or before **October 6, 2023**.

2. That Huntimer's motion to amend, Doc. 25 is granted, and the caption is amended to substitute Lance Sidell, in his individual and official capacity, as a defendant in place of Brad Sidell, in his individual and official capacity. Similarly, paragraph 17 of the amended complaint (Docket 15) is amended to substitute Lance Sidell as a defendant in place of Brad Sidell.

3. That the Clerk of Court will issue the summons and USM-285 form Huntimer completed and submitted for Lance Sidell.

4. That the United States Marshal Service shall serve the completed summons, together with a copy of the amended complaint (Docket 15) the court's 1915A screening (Docket 16) and this order upon defendant Lance Sidell.

5. That defendant Sidell will serve and file an answer or responsive pleading to the amended complaint on or before **October 6, 2023**.

6. That counsel who has appeared on behalf of the served defendants must provide the last known addresses for defendants Hermann, Bills, Stevens, Elliot, and Schults to the USMS for service by **September 20, 2023**. The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to Huntimer.

7. That if counsel for the served defendants or SDSP personnel are aware of or can reasonably ascertain the actual name of the individual referenced in paragraphs 6, 31, and 64 of Huntimer's amended complaint (Docket 15), counsel for the served defendants must provide this individual's actual name to the Clerk of Court and to the plaintiff by **September 13, 2023**. Counsel for the served defendants must also inform the Clerk of Court and the plaintiff whether this individual is employed at the SDSP.

8. That if the individual referenced in paragraphs 6, 31, and 64 of Huntimer's amended complaint (Docket 15) is employed at the SDSP, the Clerk of Court shall send a blank summons form and USM-285 form to Huntimer so that he may complete the forms and cause the amended complaint to be served upon this defendant. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons and the United States Marshal Service shall serve the completed summons, together with a copy of the amended complaint (Docket 15) the court's 1915A screening (Docket 16) and this order upon the defendant.

9. That if the individual referenced in paragraphs 6, 31, and 64 of Huntimer's amended complaint (Docket 15) is no longer employed at the SDSP, counsel for served defendants must provide the last known address for this defendant to the USMS for service by **September 20, 2023**, and the Clerk of Court is directed to redact these defendant's

address from the return of service before it is filed and to provide a redacted copy to Huntimer.

10. That if counsel for the served defendants and SDSP cannot identify the individual referenced in paragraphs 6, 31, and 64 of Huntimer's amended complaint (Docket 15), using reasonable means and exercising due diligence, counsel for the served defendants must notify the Clerk of Court and Huntimer by **September 20, 2023**.

Dated September 7, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE