UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. HUNTIMER,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, a/k/a Warden Young, Warden, in his individual capacity; LT. CHARLES HERRMANN, OIC #1086126, in his individual capacity; STEPHANIE CAREY-SCHAEFFER, Corrections Officer, in her individual capacity; RHEANNAN BILLS, C.O., in her individual capacity; LT. JAKE ROHWER, C.O., in his individual capacity; SGT. AMBER STEVENS, C.O., in her individual capacity; BLAISLEY ELLIOT, C.O., in her individual capacity; JUSTIN BARRET, C.O., in his individual capacity; JAKE HALEY, C.O., in his individual capacity; JUAN GREEN, C.O., in his individual capacity; MORGAN DEPPY, C.O., in his individual capacity; RACHEL SCHMITZ, a/k/a Nurse Rachel, in her individual capacity; CIERRA HARKEMA, a/k/a Nurse Sierra, in her individual capacity; and LANCE SEYDEL, in his individual and official capacity,<br><br>Defendants. | 4:23-CV-04005-ECS<br><br>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S SECOND MOTION FOR ASSISTANCE WITH SERVICE |

Plaintiff, Timothy J. Huntimer, who is currently an inmate at Mike Durfee State Prison (MDSP), commenced this pro se civil rights lawsuit under 42 U.S.C. § 1983 when he was incarcerated at the South Dakota State Penitentiary (SDSP). Doc. 1. The Court granted Huntimer's motion for leave to amend his complaint, Docs. 9, 10, and screened Huntimer's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part, Doc. 16. The following claims survived screening:

- Eighth Amendment excessive force claims against Herrmann and Rohwer in their individual capacities for money damages;

- Eighth Amendment excessive force claims against all defendants in their official capacities for injunctive relief;

- Eighth Amendment failure to protect claims against Schaeffer, Bills, Elliot, Green, Stevens, Deppy, Barret, Haley, Schmitz a/k/a Nurse Rachel, and Harkema a/k/a Nurse Sierra in their individual capacities for money damages and official capacities for injunctive relief;

- Eighth Amendment deliberate indifference to serious medical needs claim against Schmitz a/k/a Nurse Rachel and Harkema a/k/a Nurse Sierra in their individual capacities for money damages and official capacities for injunctive relief;

- Eighth Amendment failure to train claim against Seydel and Young in their individual capacities for money damages;

- Eighth Amendment failure to train claim against Seydel and Bittinger in their official capacities for injunctive relief; and

- state-law assault and battery claims against Herrmann and Rohwer.

Doc. 16 at 18. Defendants Young, Rohwer, Stevens, Elliott, Barret, Haley, Green, Deppy, Harkema, Seydel, and Bittinger move to dismiss Huntimer's amended complaint. Doc. 40.[1] Huntimer opposes the motion to dismiss. Docs. 59, 60, 63, 64. Huntimer has filed a second motion for assisted service. Doc. 74. None of the defendants have responded to Huntimer's second motion for assisted service. The Court now considers these motions.

## DISCUSSION

### I. Defendants Herrmann, Bills, Schaeffer, and Schmitz

Huntimer's claims against Herrmann, Bills, Schaeffer, and Schmitz survived screening, but the summonses Huntimer completed for Herrmann, Bills, and Schmitz were returned

---

[1] Young, Rohwer, Stevens, Elliott, Barret, Haley, Green, Deppy, Harkema, Seydel, and Bittinger have also filed a motion for summary judgment. Doc. 46. This Court will address the motion for summary judgment in a separate opinion and order.

2

unexecuted because these individuals no longer work at the SDSP. Docket 27 at 10–12, 13–15, 16–18. The summons for defendant Carrie Schaeffer was returned unexecuted because there is no one employed at the SDSP named Carrie Schaeffer. Id. at 7–9. Herrmann, Bills, Schaeffer, and Schmitz move to dismiss the complaint against them under Federal Rule of Civil Procedure 4(m) because they have not been timely served. Docket 41 at 3–4. On October 5, 2023, more than five months before they moved to dismiss because they have not been served, an attorney filed an answer on behalf of Herrmann, Schaeffer, Bills, and Schmitz to Huntimer's amended complaint. Docket 35 at 2 ("COME NOW, the above-named Defendants . . . Charles Hermann, OIC # 1086126; Unknown Schaeffer, Corrections Officer; Rianna Bills, C.O.; . . . [and] Rachel Schults, a/k/a Nurse Rachel[.]"). See also id. ¶¶ 3, 4, 5, 13. In their answer, defendants raised fifteen affirmative defenses, but none of the defendants raised lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process as defenses. Id. at 7–9. Objections to personal jurisdiction and service of process must be asserted in the answer or a pre-answer motion or they are waived. Fed. R. Civ. P. 12(h)(1). Herrmann, Bills, Schaeffer, and Schmitz's motion to dismiss under Rule 4(m) is denied because these defendants appeared in this action when their counsel filed an answer on their behalf. In their answer, these defendants did not raise and therefore waived any objection to personal jurisdiction or service. Huntimer's second motion for assisted service, Doc. 74, is denied as moot because the defendants for whom Huntimer requests assistance serving have voluntarily appeared in this action and waived any personal jurisdiction or service defenses.[2]

---

[2] In his opposition to defendants' motion to dismiss, Huntimer states that he "would like to Dismiss Rianna 'Bills' from the complaint." Doc. 60 at 2. Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to voluntarily dismiss a defendant without a court order by filing a notice of dismissal before the defendant answers or by filing a stipulation of dismissal signed by all parties who have appeared. Huntimer's notice of dismissal was filed after Bills answered, and Huntimer has not filed a fully executed stipulation of dismissal. Huntimer's request to voluntarily dismiss Bills is denied.

## II.  Failure to Prosecute

Defendants move to dismiss Huntimer's amended complaint for failure to prosecute. Doc. 41 at 3–5. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendants filed their answer on October 5, 2023. Doc. 41 at 4; see also Doc. 35. Between October 5, 2023, and March 19, 2024, when defendants filed their motion to dismiss, Huntimer did file any file any motions or serve any discovery requests. Doc. 41 at 4. Huntimer was released on parole on December 22, 2023, but he did not provide the Court or defendants' counsel an updated address as directed in the screening order. Id. at 5.

Although Huntimer did not promptly notify the Court of his address change when he was released on parole, Huntimer filed a notice of address change on April 18, 2024. Doc. 45. Defendants have not identified any other court order or rule that Huntimer has not complied with. Further, defendants do not argue, and the Court does not find, that Huntimer's alleged failure to prosecute has hampered the progress of this case or prejudiced the defendants. Thus, defendants' motion to dismiss for failure to prosecute is denied.

## III.  Qualified Immunity

Defendants move to dismiss the claims against them in their individual capacities for money damages on the basis of qualified immunity. Doc. 41 at 5–7. Specifically, defendants argue that "[t]he alleged actions or inactions of Defendants in this case, even when considered in the light most favorable to the Plaintiff, do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 7 (internal quotation omitted). In its 1915A screening order, the Court determined that the facts alleged in Huntimer's amended complaint were sufficient to allege a claim for excessive force, failure to protect, and deliberate

indifference to serious medical needs in violation of the Eighth Amendment, Doc. 16 at 18, all of which are clearly established constitutional rights of which a reasonable person would have known. For the same reasons that the Court determined that these claims survived 1915A screening, the Court denies defendants' Rule 12(b)(6) motion to dismiss.

Defendants also move for summary judgment, arguing that they are entitled to qualified immunity. Doc 46; Doc. 47 at 3–18. Typically, whether a defendant is entitled to qualified immunity is determined in the context of a motion for summary judgment rather than on a Rule 12(b)(6) motion, and that is how this Court intends to proceed in this case. It is more appropriate to consider defendants' qualified immunity arguments with the benefit of a full record, including the affidavits and other record evidence defendants submitted in support of their motion for summary judgment. See Docs. 47-1 to 47-7, 48, 49, 50. For these reasons, defendants' Rule 12(b)(6) motion to dismiss the individual capacity claims against them for money damages is denied, but the Court will consider whether defendants are entitled to qualified immunity when the Court considers defendants' motion for summary judgment.

## IV. Declaratory and Injunctive Relief

In his amended complaint, Huntimer requests declaratory and injunctive relief against defendants in their official capacities. Doc. 15 ¶¶ 65–66. When Huntimer commenced this action, he was housed at the Jameson Annex in Sioux Falls, South Dakota. Doc. 1 ¶ 3; Doc. 15 ¶ 3. Huntimer was released on parole on December 22, 2023, and remained on parole when defendants filed their motion to dismiss. Doc. 41 at 2; Doc. 41-1. Defendants contend that Huntimer's official capacity claims for injunctive and declaratory relief are moot and move to dismiss these claims. Doc. 41 at 9–10. Huntimer is now again in custody, but he is currently housed at MDSP in Springfield, South Dakota. See Doc. 55 at 1; Offender Locator, S.D. Dep't of Corr,

https://doc.sd.gov/adult/lookup/ (last visited Nov. 13, 2024). According to Huntimer's amended complaint, Herrmann, Schaeffer, Bills, Rohwer, Stevens, Elliot, Barret, Haley, Green, and Deppy are correctional officers employed at the Jameson Annex in Sioux Falls. Doc. 15 ¶¶ 1–14. "Nurse Rachel" and "Nurse Sierra," according to Huntimer's amended complaint, are contracted to provide medical care to inmates at the Jameson Annex. Id. ¶¶ 15, 16. Huntimer alleges that Seydel is a training officer employed by the Department of Corrections and responsible for training correctional officers in the use of force, including OC spray. Id. ¶ 17. Bittinger is named as a defendant in her official capacity as Warden of the SDSP and the Jameson Annex. See Doc. 16 at 4 n.3. Because Huntimer is no longer in custody at the Jameson Annex, his official claims against all defendants except Seydel are moot.[3] Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (holding that "an inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and no longer subject to those conditions"). Huntimer's official capacity claims against Herrmann, Schaeffer, Bills, Rohwer, Stevens, Elliot, Barret, Haley, Green, Deppy, "Nurse Rachel," "Nurse Sierra," and Bittinger are dismissed as moot.

The United States Court of Appeals for the Eighth Circuit has held that a plaintiff's claims for injunctive relief are not moot against a defendant, such as an employee of the state department of corrections, who still has control over the plaintiff and his ability to conduct future wrongs and constitutional violations against the plaintiff after the plaintiff's transfer. Randolph v. Rogers, 170 F.3d 850, 856–57 (8th Cir. 1999). Huntimer alleges that Seydel is a training officer employed by the Department of Corrections and responsible for training corrections officers in the use of force.

---

[3] Herrmann, Bills, Stevens, Elliot, Haley, Nurse Rachel, and Bittinger are no longer employed by the Department of Corrections. See Doc. 35 at nn.2, 4–8. Because his official capacity claims against these defendants are moot, it is not necessary for the Court to substitute their successors in accordance with Federal Rule of Civil Procedure 25(d).

Doc. 15 ¶ 17. When considering a Rule 12(b)(6) motion, the facts alleged in the complaint must be considered true, and all inferences must be drawn in favor of Huntimer, the nonmoving party. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir. 2002)). Giving Huntimer the benefit of all reasonable inferences, which the Court must do at this stage, Huntimer has alleged sufficient facts to establish that Seydel has training responsibility for all correctional officers employed by the DOC, including the correctional officers employed at MDSP, where Huntimer is currently housed. Seydel's motion to dismiss Huntimer's official capacity claims against him is denied.

## V. Correction of the Caption

A review of defendants' filings reveals that Huntimer has not correctly identified some of the defendants in his amended complaint. Defendants have provided the correct spelling and complete name of each defendant, but none of the defendants have argued that any affirmative relief should be ordered because of these minor errors. Nevertheless, the Court deems it prudent to amend the caption as follows to promote clarification as this case proceeds:

- Darren Young – The correct spelling of this defendant's name is Darin Young. Doc. 35 at 2 n.1.

- Charles Hermann – The correct spelling of this defendant's name is Charles Herrmann. Doc. 47-1. As previously noted, the official capacity claims against this defendant are dismissed.

- Unknown Schaeffer – The full name of this defendant is Stephanie Carey-Schaeffer. Doc. 35 at 3 n.3. As previously noted, the official capacity claims against this defendant are dismissed.

- Rianna Bills – The correct spelling of this defendant's name is Rheannan Bills. Id. at 3 n.4. As previously noted, the official capacity claims against this defendant are dismissed.

- Jake Rower – The correct spelling of this defendant's name is Jake Rohwer. Doc. 49. As previously noted, the official capacity claims against this defendant are dismissed.

- Unknown Haley – The full name of this defendant is Jake Haley. Doc. 35 at 4 n.7. As previously noted, the official capacity claims against this defendant are dismissed.

- Rachel Schultz a/k/a Nurse Rachel – The correct spelling of this defendant's name is Rachel Schmitz. Id. at 4 n.8. As previously noted, the official capacity claims against this defendant are dismissed.

- Sierra Unknown a/k/a Nurse Sierra – The full name of this defendant is Cierra Harkema. Id. at 5 n.9.

- Lance Seidel – The correct spelling of this defendant's name is Lance Seydel. Doc. 50.

The Court has amended the caption of this Memorandum Opinion and Order to reflect these corrections and the rulings contained herein.

## CONCLUSION

Accordingly, for these reasons, it is

ORDERED that defendants' motion to dismiss, Doc. 40, is granted in part and denied in part. The official capacity claims against Herrmann, Schaeffer, Bills, Rohwer, Stevens, Elliot, Barret, Haley, Green, Deppy, "Nurse Rachel," "Nurse Sierra," and Bittinger are dismissed as moot. Otherwise, the motion is denied. It is further

ORDERED that Huntimer's second motion for assisted service, Doc. 74, is denied as moot. It is finally

ORDERED that the caption is amended to make the corrections set forth above and to reflect the dismissal of some of the official capacity claims.

DATED November 19, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE